UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRAVCO INSURANCE COMPANY as
subrogee of ERIC VICTOR,

                Plaintiff,                  **MEMORANDUM AND ORDER**
     -against-                                  16-CV-1064 (RRM) (RER)

SALLY DINERMAN and IRA DINERMAN,

                Defendants.
------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      On March 3, 2016, plaintiff Travco Insurance Company commenced this diversity action in its capacity as subrogee of its insured, Eric Victor, seeking to recover for damages to Victor's property by a fire allegedly caused by the negligence of his next-door neighbors, defendants Sally and Ira Dinerman. Since electing to proceed *pro se* in July 2018, Ms. Dinerman has filed at least 17 submissions, some of which request that this action be dismissed and that she be awarded sanctions and attorney's fees. The Court now addresses these submissions and sets a schedule for requesting permission to move or cross-move for summary judgment.

Background

      Both defendants in this action were initially represented by counsel. Mr. Dinerman was represented by Melvin Berfond, who he had retained against the wishes of his wife. (*See* Doc. No. 86.) Ms. Dinerman was represented by Michael Konopka & Associates, P.C. ("Konopka"), who represented her not only in this action but also on her appeal from a state-court decision: *Otsego Mut. Fire Ins. Co. v Dinerman*, No. 158600/2016, 2017 WL 1534392 (N.Y. Sup. Ct. Apr. 20, 2017) ("*Otsego*"). In that decision, Justice Engoren determined that Ms. Dinerman had violated the "Misrepresentation, Concealment or Fraud" condition of the insurance policy covering her fire-damaged home, rendering said policy void in its entirety as to Ms. Dinerman and relieving the insurer of its obligation to defend or indemnify her. Justice Engoren held that

Ms. Dinerman had defrauded her insurance company by continuing to seek reimbursement for rental expenses for several months beginning in mid-September 2014, despite having returned to premises that she herself owned.

Almost from the beginning of this action, Ms. Dinerman has been mailing handwritten notes regarding this case and other unrelated matters to Magistrate Judge Reyes. During the time that he represented her, Mr. Konopka repeatedly advised Ms. Dinerman that it was improper for her to communicate with the Court while represented by counsel. (*See* Doc. No. 59-7.) The Court will not address any submissions made by Ms. Dinerman while she was represented.

On June 21, 2018, approximately seven weeks after the Appellate Division affirmed the Supreme Court's ruling in *Otsego*, Konopka moved to withdraw as counsel. Judge Reyes granted that motion on July 5, 2018.[1] Since then, Ms. Dinerman has filed at least 19 submissions with the Court. Almost all of these submissions enclosed one or more partially legible, handwritten, one-page notes signed by Ms. Dinerman alone.[2]

Ms. Dinerman's Submissions

Most of these submissions do not merit detailed discussion. Four address mundane procedural issues. (*See* Doc. No. 66 (regarding scheduling); Doc. No. 83 (requesting advice

---

[1] Mr. Berfond continued to represent Mr. Dinerman until June 18, 2019, when his motion to withdraw as counsel was granted. Since becoming *pro se*, Mr. Dinerman has filed only one submission, (Doc. No. 109), a note dated August 10, 2019, which addresses the issue of where Ms. Dinerman was living after September 14, 2014. Since this submission appears to relate solely to the question of Ms. Dinerman perpetrated insurance fraud – the issue addressed by Justice Engoren in *Otsego* – this submission does not merit further discussion in this memorandum and order.

[2] Two submissions – one dated March 21, 2019, and one dated April 19, 2020 – are in Ms. Dinerman's handwriting but purport to be from Mr. Dinerman. (Doc. No. 92 at 1; Doc. No. 112 at 3.) The first alleges that Mr. Berfond's fees have been paid in the amount of "$50B," and states that Mr. Dinerman wants to proceed *pro se*. At the bottom of the note, Ms. Dinerman has written a note of her own stating: "I agree with everything Ira wrote." The second, requesting that the case against Mr. Dinerman be dismissed, is in Ms. Dinerman's handwriting and appears to be signed by Mr. Dinerman "under protest." The Court will not consider these submissions, since Ms. Dinerman, as a *pro se* litigant, cannot represent anyone else, not even her own husband. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

regarding how she can ensure her deposition is accurately transcribed); Doc. No. 89 (attaching a chain of emails regarding settlement); Doc. No. 102 at 4 (stating that Ms. Dinerman had forgotten to mention certain exhibits which are neither identified in the note nor attached thereto).)  Six others pertain to, or complain about, other actions or matters unrelated to this case.  (*See* Doc. No. 63 (attaching a document which appears to relate to the state-court action); Doc. No. 67 (attaching a Court of Claims decision dismissing Ms. Dinerman's claim against the New York Lottery); Doc. No. 85 (consisting of two notes relating to the state-court action); Doc. No. 96 (relating to a building code violation discovered at the time of the fire); Doc. No. 102 at 1 (pertaining to the building code violation); Doc. No. 113 at 8–11 (discussing, and attaching documents relating to, other matters).)

      The remaining eight submissions include a request that the Court dismiss this case and award sanctions and attorney's fees to Ms. Dinerman.  Four of these, however, do not suggest any basis for dismissal.  One is a Consolidated Edison bill on which Ms. Dinerman has written: "Please dismiss this case with sanctions and damages ASAP.  I am not guilty and should be made whole forthwith."  (Doc. No. 65.)  Another is a note apologizing to Judge Reyes for being late to a conference, which ends with an incongruous request that "the case be dismissed with sanctions, legal fee forthwith."  (Doc. No. 78.)  The third is a letter to Judge Reyes stating that Mr. Berfond should be granted leave to withdraw because Mr. Dinerman cannot afford to pay him, which contains the following postscript: "please dismiss with sanctions damages and legal fees forthwith."  (Doc. No. 86.)  The fourth is a note attempting to explain why she and Mr. Dinerman should have prevailed in *Otsego*, which ends with another request to dismiss with sanctions, damages, and legal fees.  (Doc. No. 98 at 2.)

3

Document No. 94

In contrast to the foregoing, Document No. 94 arguably sets forth a basis for dismissal. This document contains two notes addressed to Judge Reyes. In the first, dated April 1, 2019, Ms. Dinerman alleges that a settlement conference scheduled for March 28, 2019, was postponed without consulting or notifying her. (Doc. No. 94 at 2.) Claiming that this "was done [e]x parte," Ms. Dinerman requests that the Court dismiss the case against her as a sanction for violating her legal rights and privileges. (*Id.*) In the second note, dated April 5, 2019, Ms. Dinerman asserts that her husband and his former attorney, Mr. Berfond, "had an audience with the Court" and that "Mr. Berfond told Ira not to tell [her]." (Doc. No. 94 at 1.) Ms. Dinerman requests dismissal of the case against her as a sanction for violating her legal rights and privileges. (*Id.*)

Neither letter suggests a basis for sanctions of any sort, much less dismissal of the case. With respect to the misconduct alleged in the first note, the March 28, 2019, conference was adjourned pursuant to a request Mr. Berfond made on March 27, 2019. (*See* Doc. No. 91.) To be sure, Mr. Berfond may not have provided Ms. Dinerman with adequate notice of his request, as he elected to mail it to her via first-class mail. However, Mr. Berfond's actions cannot serve as a basis for dismissing plaintiff's case. Moreover, Ms. Dinerman does not allege facts to suggest her rights were compromised by the adjournment of this conference.

The misconduct alleged in the second note was allegedly perpetrated by her husband and his attorney – not by plaintiff or plaintiff's counsel – and cannot serve as a basis for dismissing plaintiff's case. To the extent Ms. Dinerman is seeking sanctions against Mr. Dinerman and/or Mr. Berfond, she has not established that either of these individuals had a duty to notify her of the court appearance. Indeed, if the "audience" to which Ms. Dinerman refers is the ex parte

telephone conference held on February 21, 2019, Mr. Berfond and Mr. Dinerman acted properly in excluding her since this conference pertained only to issues relating to Mr. Berfond's representation of Mr. Dinerman.

      Document Nos. 103, 104, and 107

Document Nos. 103, 104, and 107 all contain arguments and evidence that might be used upon a motion for summary judgment.  Document 103 – a note dated June 19, 2019, which attaches various exhibits – appears to transmit evidence relating to the installation of the stove that allegedly caused the fire.  According to Ms. Dinerman, this evidence establishes that she "did everything [she] was asked to do," and that the cause of the fire was not foreseeable.  (Doc. No. 103 at 1.)  Document 104 – a two-page letter dated July 5, 2019 – argues, among other things, that the testimony of plaintiff's expert witness is inadmissible hearsay.  Document 107 contains several notes to the Court, including a letter dated August 6, 2019, in which Ms. Dinerman appears to argue that she should be awarded summary judgment because plaintiff failed to prove its case.  (Doc. No. 107 at 4.)  The latter document may have been filed in response to plaintiff's August 5, 2019, pre-motion conference request, (Doc. No. 106), which sought permission to move for summary judgment.

In an order dated August 6, 2019, the Court denied plaintiff's pre-motion conference request as premature, noting that discovery had not yet been completed.  For that same reason, Ms. Dinerman's submissions in support of, or in opposition to, summary judgment were also premature.

Summary judgment is no longer premature, however.  On August 21, 2019, Judge Reyes certified that discovery was closed.  There has been no meaningful action in this case since that time.  Accordingly, the Court is now prepared to entertain dispositive motions.  If plaintiff is

interested in renewing its motion for summary judgment, plaintiff shall file a pre-motion conference request within 15 days of the date of this memorandum and order. Defendants shall have 7 days from their receipt of the pre-motion conference request in which to respond and/or to inform the Court whether they wish to cross-move for summary judgment. Neither the pre-motion conference request nor defendants' response thereto shall not exceed three pages in length. They shall include a brief description of the arguments to be made in the proposed motion or cross-motion but should not attach any exhibits.

## CONCLUSION

To the extent any submissions filed by Ms. Dinerman since she elected to proceed *pro se* in July 2018 can be construed as either a motion to dismiss or a motion for summary judgment, those motions are denied. Plaintiff shall have 15 days from the date of this memorandum and order in which to file a pre-motion conference request seeking permission to move for summary judgment. Defendants shall have 7 days from their receipt of that pre-motion conference request, if any, in which to respond and to inform the court whether they wish to cross-move for summary judgment. The Clerk of Court is respectfully directed to mail a copy of this memorandum and order to Mr. and Ms. Dinerman and to note the mailing on the docket sheet.

SO ORDERED.

Dated: Brooklyn, New York  
       May 20, 2020

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
Chief United States District Judge