UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRAVCO INSURANCE COMPANY,

               Plaintiff,

   v.

SALLY DINERMAN and IRA DINERMAN,

               Defendants.

**MEMORANDUM & ORDER**
16-cv-1064 (HG) (RER)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff Travco Insurance Company ("Travco") moves to voluntarily dismiss its action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure ("Rule 41(a)(2)"). ECF No. 168 (the "Motion"). *Pro se* Defendants, Sally and Ira Dinerman (collectively "Defendants"), oppose the Motion and cross-move for attorneys' fees. ECF Nos. 169, 170, 171. The Court grants Plaintiff's motion for voluntary dismissal, with prejudice, and denies Defendants' cross-motion for attorneys' fees.

## BACKGROUND

      Travco originally commenced this diversity action over six years ago, on March 3, 2016, in its capacity as subrogee of its insured, Eric Victor, to recover for fire and water damage to Victor's property allegedly caused by the negligence of Defendants, Victor's next-door neighbors. ECF No. 1 ¶¶ 7–9. Defendants were initially represented separately by two different attorneys, but have both been proceeding *pro se* together since 2019. *See* ECF No. 59 (motion to withdraw as Sally Dinerman's attorney); ECF No. 88 (motion to withdraw as Ira Dinerman's attorney). On August 21, 2019, Magistrate Judge Reyes certified that discovery was closed. ECF Text Entry, August 21, 2019. Plaintiff filed a motion for summary judgment on June 22,

2020, ECF No. 124, which was denied, ECF No. 130.  The parties filed a joint pretrial order on October 1, 2021.  ECF No. 140.

Over the course of the next year, before the Court set a date for trial, the parties engaged in repeated settlement discussions.  *See* ECF No. 145 (referring the case to the EDNY's Trial Ready Rapid Mediation Pilot Program); ECF Text Order, June 3, 2022 (referring the case to the EDNY's Court-Annexed Mediation Program); ECF Minute Entry, November 3, 2022 (settlement conference before Judge Reyes); ECF Minute Entry, November 8, 2022 (settlement conference before Judge Reyes); ECF Minute Entry, November 10, 2022 (settlement conference before Judge Gonzalez).  On December 14, 2022, Plaintiff filed the instant motion, informing the Court that the Defendants had settled the case for $20,000, that it had received a settlement check to that effect, and that "the funds have been received and deposited in Plaintiff's bank account."[1]  ECF No. 168 at 1.  Plaintiff sent Defendants a stipulation of dismissal to close the case, but Defendants refused to sign it.  *Id*. at 2.  Plaintiff thereafter moved to dismiss the case pursuant to Rule 41(a)(2).  *Id*.

*Pro se* Defendants responded to the Motion in three, handwritten letters that were difficult for the Court to discern.  ECF Nos. 169, 170,[2] 171.  Nevertheless, the Court reads Defendants' letters as an opposition to the Motion, *see* ECF No. 169 ("I need my day in court."), ECF No. 171 ("We need our day in court."), and as a cross-motion for legal fees, *see* ECF No.

---

[1]   Plaintiff reports it was originally seeking $161,057.84 in damages arising from a fire, plus interest.  ECF No. 168 at 2.

[2]   The Court finds the second letter, ECF No. 170, particularly difficult to read.  From what it can understand, the letter appears to be raising the same issues and objections that Defendants raise in the other two letters.

169 ("[W]e . . . need legal fees too."), ECF No. 171 (discussing the legal fees Defendants incurred early in the litigation).

## DISCUSSION

### A. Rule 41(a)(2) Dismissal

When a plaintiff no longer wishes to continue litigation, but the parties cannot come to an agreement to discontinue the action, a court order is necessary.[3] *See* Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). In *Catanzano v. Wing*, the Second Circuit laid out the standard to apply when considering an application under Rule 41(a)(2):

> It is within the district court's sound discretion to deny a Rule 41(a)(2) motion to dismiss. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). Generally, however, a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed "if the defendant will not be prejudiced thereby." *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985).

277 F.3d 99, 109, 110 (2d Cir. 2001).

A plaintiff does not have a right to see a case dismissed *without* prejudice. *Id.* However, here, Plaintiff appears to have no wish to continue this litigation and does not ask the Court to dismiss the case without prejudice. *See* ECF No. 168 at 2 ("[P]laintiff has no interest or ethical right to continue the prosecution of this civil lawsuit."). In situations like this, where a plaintiff does not oppose dismissing a case with prejudice, there is no risk of potential harm or legal prejudice to defendants. *See Beer v. John Hancock Life Ins. Co.*, 211 F.R.D. 67, 68 (N.D.N.Y. 2002); *see also Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) ("[N]o matter when a

---

[3] In situations where all parties agree to discontinue litigation, no court order is required. *See* Fed. R. Civ. P. 41(a)(1).

3

...

dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed."). Given that "there is no evidence of prejudice to defendants by such a dismissal and no other interests are at stake,"[4] there is no reason for the Court not to dismiss the case. *See Beer*, 211 F.R.D. at 68.

### B. Attorneys' Fees

"[U]nder the American Rule, absent statutory authorization or an established contrary exception, each party bears its own attorney's fees." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985).

> The only pertinent exception for present purposes is the court's inherent authority to award fees when a party litigates frivolously or in bad faith. The bad faith exception permits an award upon a showing that the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons. Neither meritlessness alone, nor improper motives alone, will suffice.

*Id.* at 133 (internal quotations and citations omitted).

In other words, for an award of attorneys' fees to be appropriate, Defendants would need to show that: "[P]laintiff commenced the litigation wantonly, or for purposes of harassment, delay or other improper purposes" or that there is "evidence of a pattern of bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial costs on defendants and the judicial system or any other similarly egregious behavior." *Beer*, 211 F.R.D. at 69–70. In situations like this, where a case is dismised with prejudice, an award of attorneys'

---

[4] On March 25, 2016, Defendants' Answer on ECF is filed as "ANSWER to 1 Complaint, COUNTERCLAIM against Travco Insurance Company," *see* ECF No. 5. The Answer is again handwritten, and difficult to understand. However, the Court does not read it as asserting any sort of counterclaim, and it does not appear that the issue has ever arisen again in the six years the case has been litigated. Thus, the Court does not see this as an interest that would be impacted by dismissal.

fees is strongly disfavored. *See Colombrito*, 764 F.2d at 134 ("The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor at trial . . . . We would not want to discourage such a salutory disposition of litigation by threatening to award attorneys' fees if a plaintiff did not complete a trial.").

While the *pro se* Defendants request attorneys' fees in their response letters to the Motion, they provide no meritorious reason why such fees are warranted. Defendants accuse the Plaintiff of "white collar crime" that caused "pain[,] suffering [and,] emotional anguish" and ask for "whatever . . . the Court deems appropriate to [at] least make us whole and discourage this behavior on [Plaintiff's] part." ECF No. 171. However, Defendants do not specify what behavior they object to, other than the fact that Plaintiff brought this suit in the first place.

The Court finds that under these circumstances, Defendants have not made the necessary showing warranting the award of attorneys' fees. There is no evidence that Plaintiff commenced this litigation wantonly, or for purposes of harassment. There is certainly no evidence of a pattern on the part of Plaintiff of bringing similar claims and then dismissing them with prejudice. Plaintiff is simply an insurance company seeking to recover damages, in its capacity as subrogee, following a fire that began in Defendants' home and spread to the neighboring property insured by Plaintiff. *See Otsego Mut. Fire Ins. Co. v. Dinerman*, No. 158600/2016, 2017 WL 1534392, at *1 (N.Y. Sup. Ct. Apr. 20, 2017). While the Court is sympathetic to the stress and emotional anguish that any litigation causes, the fact that litigation is emotionally taxing is not a sufficient basis for the Court to award attorneys' fees to Defendants.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion for voluntary dismissal, with prejudice, and DENIES Defendants' cross-motion for attorneys' fees.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
January 9, 2023