UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

TRAVCO INSURANCE COMPANY,

               Plaintiff,

    v.

SALLY DINERMAN and IRA DINERMAN,

               Defendants.
_____

**MEMORANDUM & ORDER**
16-cv-1064 (HG) (RER)

**HECTOR GONZALEZ**, United States District Judge:

On January 17, 2023, *pro se* Defendants Ira and Sally Dinerman ("Defendants") filed a motion for reconsideration (the "Motion"), ECF No. 177, of the Court's January 9, 2023, Order granting Plaintiff Travco Insurance Company's motion for voluntary dismissal and denying Defendants' cross motion for attorneys' fees (the "Order"). *Travco Ins. Co. v. Dinerman*, No. 16-CV-1064, 2023 WL 130832 (E.D.N.Y. Jan. 9, 2023), ECF No. 172. For the reasons set forth below, the Motion is denied.

Plaintiff "originally commenced this diversity action over six years ago . . . in its capacity as subrogee of its insured . . . to recover for fire and water damage to [the insured] property allegedly caused by the negligence of Defendants, [the insured's] next-door neighbors." *Travco*, 2023 WL 130832, at *1. The Court foregoes a more detailed recitation of the procedural history and facts of this case, which have previously been set forth in the Order. *See Id.*

**STANDARD OF REVIEW**

"The Court is required to construe *pro se* pleadings liberally and interpret them 'to raise the strongest arguments they suggest.'" *Anthony v. Warden of Suffolk Jail*, No. 22-CV-6492, 2022 WL 17824082, at *1 (E.D.N.Y. Dec. 20, 2022) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted)). At

the same time, Defendants' *pro se* status "'does not exempt [them] from compliance with relevant rules of procedural and substantive law.'" *Hayon v. Reardon*, No. 20-CV-4668, 2021 WL 3774199, at *7 (E.D.N.Y. Aug. 24, 2021), *appeal dismissed* (Dec. 14, 2021) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "Nor are *pro se* litigants permitted to make 'frivolous or vexatious filings[.]'" *Darnley v. Ameriquest Mortg. Co.*, No. 06-CV-4265, 2020 WL 1536316, at *1 (E.D.N.Y. Mar. 30, 2020) (alteration in original) (quoting *Triestman*, 470 F.3d at 477).

The standard for granting a motion for reconsideration is "strict" and reconsideration will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021); *see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (internal quotation marks omitted). It is within the district court's discretion to decide whether to grant a motion for reconsideration. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court" and should not be used as a substitute for appeal. *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009). Furthermore, "[a] motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." *Wyche v. KM Sys., Inc.*, No. 19-CV-7202, 2021 WL 1535529, at *1 (E.D.N.Y. Apr. 19, 2021) (internal quotation marks omitted).

**DISCUSSION**

Like much of *pro se* Defendants' previous filings, the Motion is handwritten and difficult for the Court to discern. Defendants ask the Court to issue an order for legal fees, *see* ECF No. 177 at 1 (requesting an order "legal fees of $ @ 400hr x2"), or, alternatively, that the case should go to trial, *see id.* at 3 ("Should go to trial or grant legal fees back"). Under "[t]he reason why I am entitled to the relief I seek" Defendants write:

> Not since [illegible], atty's left us [illegible] in fall Travco told us to hire attys the only ct. date [illegible] to [illegible] they said and we would do better Travco put in false evidence 1139 pictures for 1137 and cashed my check prior to 11/23/22 w/o my knowledge of that point. These things (evidence) come to light (not in good faith) and they could have cross sued [illegible] under [illegible] lift w prejudice and then sued me.

*Id.* at 1–2.

Construing the Motion liberally, the Court understands this as request to reconsider its decision to dismiss Plaintiff's Complaint without granting legal fees to the Defendants either because (i) new evidence has come to light or (ii) on the grounds of fraud.

### A. Newly Discovered Evidence

"To prevail on a motion for reconsideration on the grounds of newly discovered evidence, the movant must establish '(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.'" *In re Mader*, No. 19-CV-2048, 2021 WL 1729472, at *7 (E.D.N.Y. Mar. 31, 2021) (quoting *Metzler Inv. Gmbh v. Mexican Grill, Inc.*, 970 F.3d 133, 147 (2d Cir. 2020)).

Defendants have not met this burden.  Defendants appear to be arguing that either (a) the photos Plaintiff submitted as evidence of fire damage to the insured's house constitutes new evidence, or (b) Defendants' allegation that the photos were of their house and not their neighbor's house constitutes new evidence.  ECF No. 177 at 1.

Certainly, the photos are not new evidence.  The photos Defendants refer to were originally filed on the docket on August 7, 2020.  *See* ECF No. 124 at 58–112.  The photos were accompanied by an expert affidavit of an individual who "perform[ed] a fire cause and origin inspection and analysis" and who attested that he took the photographs and that they were of "the home located at 1139 East 13th Street," which is the Defendants' neighbor's house.  *Id*. at 50–51.

Nor is Defendants' allegation that the photographs were of their house, rather than their neighbor's house, new evidence.  Defendants have made this argument several times on the docket.  *See, e.g.*, ECF No. 166 at 3–6 (attaching photos and alleging that the photos are of 1139 even though they are claimed to be 1137); ECF No. 173 ("Showing pictures of my house 1139 saying it[']s your house 1137 it[']s not fair").  The Court considered those submissions when it decided Plaintiff's motion to voluntarily dismiss the Complaint.  *See Travco*, 2023 WL 130832, at *1.  Even if Defendants only recently came to believe that photos filed two years ago on the docket were, in fact, photos of their house, there is no justifiable reason for Defendants to have been ignorant of this fact until now.

**B.  Fraud, Misrepresentation or Other Misconduct**

"To prevail on a motion for reconsideration on the grounds of fraud, misrepresentation or other misconduct, the movant must demonstrate by clear and convincing evidence 'that the conduct complained of prevented the moving party from fully and fairly presenting his [or her] case.'"  *Mader*, 2021 WL 1729472, at *10 (alteration in original) (quoting *State Street Bank and*

4

*Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted)). Motions for reconsideration based on fraud fail "if the proffered evidence is irrelevant to the ultimate outcome." *Latimore v. NBC Universal Inc.*, 489 F. App'x 521, 521 (2d Cir. 2013).

Here, Defendants argue that Plaintiff's submitted "false evidence"—the photos Defendants claim are of their house, and not their neighbor's house—which came to light in a way that was "not in good faith." ECF No. 177 at 1. Once again, Defendants have had these photos since they were filed along with Plaintiff's motion for summary judgment on August 7, 2020. ECF No. 124. They had a full and fair opportunity to rebut the assertion that the photos showed damage to their neighbors' house when they filed their opposition to that motion. ECF Nos. 127–29.

In addition, the evidence is irrelevant to the ultimate outcome in the Order. Defendants' claim that photos submitted by Plaintiff two years ago show their house and not their neighbor's house is irrelevant to the Court's decision to grant Plaintiff's request for voluntary dismissal. In the Order, the Court granted Plaintiff's request to no longer continue prosecuting this case against Defendants and dismissed the case with prejudice, because it found there was no evidence of any possible prejudice to Defendants by such a dismissal. *See Travco*, 2023 WL 130832, at *2. There is still no prejudice to Defendants. If the Court had denied the motion to voluntarily dismiss the case, the parties had proceeded to trial, and Defendants had convinced a jury that the photos were not of their neighbor's house despite Plaintiff's expert claiming otherwise—the best outcome that Defendants could hope for would be a verdict in their favor— effectively the same relief the Court granted in the Order Defendants now object to.

5

Defendants' claim is also irrelevant to the Court's decision denying Defendants' request for attorneys' fees. In the Order, the Court denied Defendants cross motion for attorneys' fees because it found no evidence that Plaintiff commenced this litigation for an improper purpose. *Id*. at *3; *see also Beer v. John Hancock Life Ins. Co.*, 211 F.R.D. 67, 69–70 (N.D.N.Y. 2002) (legal fees may be warranted where "plaintiff commenced the litigation wantonly, or for purposes of harassment, delay or other improper purposes"). The Court does not see how Defendants' allegations regarding the photos demonstrate that Plaintiff commenced this litigation for an improper purpose. If Defendants are suggesting that Plaintiff falsified photographic evidence of damage to its insured's residence—potentially obliging Plaintiff to pay money to the insured for the repairs shown in the photos—so that it could then spend years prosecuting this lawsuit in order to harass Defendants, the Court does not find that scenario realistic.

\*     \*     \*     \*

In short, the Court finds that Defendants have "not identified any arguments or controlling decisions this Court has overlooked." *Darnley*, 2020 WL 1536316, at *2. Nor have they "cited any intervening change in the applicable law, submitted new evidence, or demonstrated a need to correct a clear error to prevent manifest injustice." *Id*. A motion for reconsideration is not a vehicle for "taking a second bite at the apple" because Defendants are unhappy with the initial result. *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (internal quotation marks omitted). Accordingly, the Court finds that Defendants' motion for reconsideration is without merit.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for reconsideration is DENIED.

SO ORDERED.

                                                                 */s/ Hector Gonzalez*_____
                                                                 HECTOR GONZALEZ
                                                                 United States District Judge

Dated: Brooklyn, New York
           January 22, 2023